IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SCOTT W. KAPPLER and | ) | |
| TINA M. KAPPLER, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action File |
| | ) | No. 09C-12013-6 |
| v. | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

COMES NOW, Allstate Insurance Company (hereinafter "Allstate"), Defendant in the above styled-action, and hereby timely responds to the Plaintiffs' Verified Complaint for Damages, pursuant to the Georgia Civil Practice Act, by showing this Honorable Court the following:

### FIRST DEFENSE

The Allstate Policy at issue states that Allstate will only cover sudden and accidental direct physical loss to property in Coverage A and Coverage B, except as limited or excluded in the Policy. If the evidence shows that any or all of the Plaintiffs' alleged damages were not a result of sudden or accidental direct physical loss to the property, the Plaintiffs cannot recover for those damages.

EXHIBIT "B"

## SECOND DEFENSE

The Allstate Homeowners Policy issued to the Plaintiffs specifically states the following:

> In addition, **we** do not cover loss consisting of or caused by any of the following:...

> 15.  (a)  wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect;

> (g)  settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings;...

Accordingly, the Plaintiffs' claims for any such damages must be dismissed.

## THIRD DEFENSE

The Allstate Homeowners Policy issued to the Plaintiffs specifically does not cover loss to the property described in Coverage A or Coverage B consisting of or caused by:

> 22.  Planning, Construction, or Maintenance, meaning faulty, inadequate or defective:

> (a)  planning, zoning, development, surveying, siting;

> (b)  design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

> (c)  materials used in repair, construction, renovation or remodeling; or

2

(d) maintenance

of property whether on or off the **residence premises** by any person or organization.

Accordingly, the Plaintiffs' claims for any such damages must be dismissed.

### FOURTH DEFENSE

The Allstate Homeowners Policy issued to the Plaintiffs specifically does not cover loss to the property described in Coverage A or Coverage B consisting of or caused by:

23.     **We** do not cover loss to cover property described in **Coverage A – Dwelling Protection** or **Coverage B – Other Structures Protection** when:

(a) there are two or more causes of loss to the covered property; and

(b) the predominate cause(s) of loss is (are) excluded under **Losses We Do Not Cover**, items 1 – 22 above.

Accordingly, the Plaintiffs' claims for any such damages must be dismissed.

### FIFTH DEFENSE

The Allstate Policy at issue specifically does not cover loss to the property described in Coverage C caused by or consisting of:

8.     Any substantial change or increase in hazard, if changed or increased by any means within the control or knowledge of an **insured person**.

Accordingly, the Plaintiffs' claims for any such damages must be dismissed.

3

### SIXTH DEFENSE

The Allstate Policy at issue specifically does not cover loss to the property described in Coverage C caused by or consisting of:

> 7.    The failure by any **insured person** to take all reasonable steps to preserve property and when the property is endangered by a cause of loss **we** cover.

Accordingly, the Plaintiffs' claims for any such damages must be dismissed.

### SEVENTH DEFENSE

If the evidence shows that the Plaintiffs failed to comply with any condition precedent to bringing this lawsuit, pursuant to the terms of the Policy and applicable law, the Plaintiffs' Complaint must be dismissed.

### EIGHTH DEFENSE

In response to the specific allegations contained in the Plaintiffs' Complaint, and without waiving the defenses previously raised by Allstate, as well as those which may be raised later in this Answer, or in the future, if necessary, after further information is obtained or clarified, Allstate states the following:

1.

The allegations contained in paragraph 1 of the Complaint are admitted.

2.

The allegations contained in paragraph 2 of the Complaint are admitted. By way of further response, Allstate states that it is removing this case to the United States District Court, Northern District of Georgia.

3.

Allstate is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 3 of the Complaint.

4.

Allstate issued a Deluxe Plus Homeowners Policy (Policy No. 095443161) to the Plaintiffs for the dwelling and personal property located at 3405 Harbor Way, Lawrenceville, Georgia 30044. The remaining allegations contained in paragraph 4 of the Complaint are denied.

5.

The allegations contained in paragraph 5 of the Complaint are admitted.

Lightning Damage

6.

The allegations contained in paragraph 6 of the Complaint are admitted.

7.

The Plaintiffs' dwelling and certain personal property were damaged by lightning.  The remaining allegations contained in paragraph 7 of the Complaint are denied.

8.

The allegations contained in paragraph 8 of the Complaint are admitted.

9.

Plaintiffs made a claim with Allstate for damages which Plaintiffs claim were caused by lightning.  The remaining allegations contained in paragraph 9 of the Complaint are denied.

10.

The allegations contained in paragraph 10 of the Complaint are admitted.

11.

The allegations contained in paragraph 11 of the Complaint are admitted.

12.

The allegations contained in paragraph 12 of the Complaint are denied.

13.

Plaintiffs submitted certain documents to Allstate regarding damage which Plaintiffs contend was caused by lightning. The remaining allegations contained in paragraph 13 of the Complaint are denied.

14.

Plaintiffs submitted certain documents to Allstate regarding damage which Plaintiffs contend was caused by lightning. The remaining allegations contained in paragraph 14 of the Complaint are denied.

15.

The allegations contained in paragraph 15 of the Complaint are admitted. By way of further response, Allstate does not agree with Plaintiffs' estimate.

16.

The allegations contained in paragraph 16 of the Complaint are admitted. By way of further response, Allstate does not agree with Plaintiffs' estimate.

17.

The allegations contained in paragraph 17 of the Complaint are denied.

18.

To the best of Allstate's knowledge and belief, Plaintiffs did move to substitute living quarters. Allstate is without sufficient knowledge or information

to admit or deny the remaining allegations contained in paragraph 18 of the Complaint.

### 19.

Allstate is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of the Complaint.

### 20.

Allstate issued a check to Plaintiffs in the amount of $5,024.43, which was cashed. Allstate is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 20 of the Complaint.

### 21.

Allstate made payments on Plaintiffs behalf for additional living expenses in the amount of $29,637.67. The remaining allegations contained in paragraph 21 of the Complaint are denied as stated.

### 22.

The allegations contained in paragraph 22 of the Complaint are admitted.

### 23.

The Haag Report states that certain damage was consistent with lightning-caused damage. The Report speaks for itself. The remaining allegations contained in paragraph 23 of the Complaint are denied.

24.

The Haag Report recommends that certain testing be performed.    The Report speaks for itself.  The remaining allegations contained in paragraph 24 of the Complaint are denied.

25.

The Haag Report recommends that certain testing be performed.    The Report speaks for itself.  The remaining allegations contained in paragraph 25 of the Complaint are denied.

26.

The allegations contained in paragraph 26 of the Complaint are denied.

27.

Plaintiff Scott Kappler sent a letter to Allstate dated September 12, 2008. The letter speaks for itself.  The remaining allegations contained in paragraph 27 of the Complaint are denied.

28.

The allegations contained in paragraph 28 of the Complaint are denied.

29.

The allegations contained in paragraph 29 of the Complaint are denied.

30.

Allstate did prepare a Claim Summary dated October 8, 2008 with a repair estimate of $14,164.36, less Plaintiffs' $500.00 deductible, for a dwelling claim of $13,664.36. The Claim Summary also reflected prior payments of $5,024.43, leaving a dwelling claim payable of $8,639.93. The remaining allegations contained in paragraph 30 of the Complaint are denied.

31.

The allegations contained in paragraph 31 of the Complaint are admitted.

32.

Plaintiffs did not accept the check tendered by Allstate. The remaining allegations contained in paragraph 32 of the Complaint are denied.

33.

Allstate discontinued payments for Plaintiffs' hotel. The remaining allegations contained in paragraph 33 of the Complaint are denied.

34.

The allegations contained in paragraph 34 of the Complaint are denied.

35.

Allstate is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 35 of the Complaint.

36.

Allstate is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 36 of the Complaint.

<u>Burglary #1</u>

37.

Allstate is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 37 of the Complaint.

38.

On June 2, 2009, Plaintiffs reported a theft to the Gwinnett County Police Department. On June 9, 2009, Plaintiffs reported a theft to Allstate. The remaining allegations contained in paragraph 38 of the Complaint are denied as stated.

39.

The allegations contained in paragraph 39 of the Complaint are denied.

40.

Allstate is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 40 of the Complaint.

11

Burglary #2

41.

Allstate is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 41 of the Complaint.

42.

On June 13, 2009, Plaintiffs reported a second theft to the Gwinnett County Police Department and to Allstate. Defendant Allstate is without sufficient knowledge or information to admit or deny the allegation regarding whether the property was secured. The remaining allegations contained in paragraph 42 of the Complaint are denied as stated.

43.

The allegations contained in paragraph 43 of the Complaint are denied.

44.

Plaintiffs made claims with Allstate for items which Plaintiffs contend were stolen from their dwelling. The remaining allegations contained in paragraph 44 of the Complaint are denied.

45.

Certain property alleged by Plaintiffs to have been damaged by lightning was also alleged by Plaintiffs to have been stolen.  The remaining allegations contained in paragraph 45 of the Complaint are denied as stated.

46.

The allegations contained in paragraph 46 of the Complaint are denied.

47.

Allstate is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 47 of the Complaint.

48.

Allstate has not resolved the Plaintiffs' theft claims.  The remaining allegations contained in paragraph 48 of the Complaint are denied as stated.

## FIRST CAUSE OF ACTION

(Breach of Contract – Lightning Damages)

49.

Allstate incorporates by reference its responses to paragraphs 1 through 48 of the Plaintiffs' Complaint as if fully set forth verbatim herein.

50.

Allstate's obligations are set forth in the Policy. The Policy speaks for itself. The remaining allegations contained in paragraph 50 of the Complaint are denied.

51.

The allegations contained in paragraph 51 of the Complaint are denied.

52.

Allstate's obligations are set forth in the Policy. The Policy speaks for itself. The remaining allegations contained in paragraph 52 of the Complaint are denied.

53.

The allegations contained in paragraph 53 of the Complaint are denied.

54.

The allegations contained in paragraph 54 of the Complaint are denied.

55.

The allegations contained in paragraph 55 of the Complaint are denied as stated.

56.

Allstate's obligations are set forth in the Policy. The Policy speaks for itself. The remaining allegations contained in paragraph 56 of the Complaint are denied.

57.

The allegations contained in paragraph 57 of the Complaint are denied.

58.

The allegations contained in paragraph 58 of the Complaint are denied.

59.

The allegations contained in paragraph 59 of the Complaint are denied.

## SECOND CAUSE OF ACTION

(Anticipatory Breach of Contract – Theft Losses)

60.

Allstate incorporates by reference its responses to paragraphs 1 through 59 of the Plaintiffs' Complaint as if fully set forth verbatim herein.

61.

Allstate's obligations are set forth in the Policy. The Policy speaks for itself. The remaining allegations contained in paragraph 61 of the Complaint are denied.

15

62.

The allegations contained in paragraph 62 of the Complaint are denied.

63.

The allegations contained in paragraph 63 of the Complaint are denied.

64.

The allegations contained in paragraph 64 of the Complaint are denied.

65.

Allstate's obligations are set forth in the Policy.  The Policy speaks for itself.  The remaining allegations contained in paragraph 65 of the Complaint are denied.

## THIRD CAUSE OF ACTION

(Violation of O.C.G.A. § 33-4-6; Punitive Damages)

66.

Allstate incorporates by reference its responses to paragraphs 1 through 65 of the Plaintiffs' Complaint as if fully set forth verbatim herein.

67.

Allstate's obligations are set forth in the Policy.  The Policy speaks for itself.  The remaining allegations contained in paragraph 67 of the Complaint are denied.

　
68.

The allegations contained in paragraph 68 of the Complaint are denied.

69.

The allegations contained in paragraph 69 of the Complaint are denied.

70.

The allegations contained in paragraph 70 of the Complaint are denied.

71.

The allegations contained in paragraph 71 of the Complaint are denied.

## FOURTH CAUSE OF ACTION

(Claim in Tort)

72.

Allstate incorporates by reference its responses to paragraphs 1 through 71 of the Plaintiffs' Complaint as if fully set forth verbatim herein.

73.

The allegations contained in paragraph 73 of the Complaint are denied.

74.

The allegations contained in paragraph 74 of the Complaint are denied.

75.

The allegations contained in paragraph 75 of the Complaint are denied.

76.

The allegations contained in paragraph 76 of the Complaint are denied.

77.

The allegations contained in paragraph 77 of the Complaint are denied.

78.

The allegations contained in paragraph 78 of the Complaint are denied.

79.

The allegations contained in paragraph 79 of the Complaint are denied.

80.

The allegations contained in paragraph 80 of the Complaint are denied.

## FIFTH CAUSE OF ACTION

(Bad Faith)

81.

Allstate incorporates by reference its responses to paragraphs 1 through 80 of the Plaintiffs' Complaint as if fully set forth verbatim herein.

82.

The allegations contained in paragraph 82 of the Complaint are denied.

83.

The allegations contained in paragraph 83 of the Complaint are denied.

84.

The allegations contained in paragraph 84 of the Complaint are denied.

85.

The allegations contained in the paragraph entitled "WHEREFORE" and its subparts are denied.

### NINTH DEFENSE

All allegations contained in the Plaintiffs' Complaint which are not specifically admitted are herein denied.

### TENTH DEFENSE

The Plaintiffs' claims for bad faith penalties and attorneys' fees, pursuant to O.C.G.A. § 33-4-6, must be dismissed, pursuant to the applicable facts and law, including, but not limited to, the failure to make a proper and timely demand for said damages prior to the filing of this lawsuit.

WHEREFORE, having fully answered, according to the information currently available, while expressly reserving its right to amend this Answer after discovery and further information is obtained or clarified, the Defendant, Allstate Insurance Company, hereby respectfully demands judgment in its favor, that all costs and reasonable attorneys' fees be cast against the Plaintiffs, a trial by jury as

to all issues of material fact, and all other relief that this Honorable Court may deem just and proper.

Respectfully submitted,

WEBB, ZSCHUNKE, NEARY
& DIKEMAN, LLP

By: _____
WILLIAM E. ZSCHUNKE
Georgia State Bar No. 786650

By: _____
MELISSA C. PATTON
Georgia State Bar No. 187560

One Securities Centre, Suite 1210
3490 Piedmont Road
Atlanta, GA  30305
(404) 264-1080